**NOT RECOMMENDED FOR PUBLICATION**
File Name:  06a0272n.06
Filed:  April 19, 2006

No.  05-3233

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Abdul Bayees Khan, Kaniz Fatima Khan, Humayara Nikhat Khan, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | On Petition for Review of Decision of Board of Immigration Appeals |
| Alberto Gonzales, United States Attorney General, | ) ) ) | |
| Respondent. | ) ) ) | |

**BEFORE:**    Merritt, Martin and McKeague, Circuit Judges.


**PER CURIAM**.  Petitioners Abdul Bayees Khan, Kaniz Fatima Khan, Humayara Nikhat Khan, citizens of Bangladesh, petition the Court under 8 U.S.C. § 1252(a) for review of a final order of removal issued February 2, 2005, by the Board of Immigration Appeals.  The Board's decision affirms an order of an Immigration Judge denying their application for asylum, withholding of removal and protection under the Convention Against Torture, although it appears from their brief that the Khans appeal only the denial of their asylum application to this Court.  The panel has concluded that oral argument would not place the simple issues in this case in a different light from the briefs.  Therefore, in the interest of judicial efficiency and of saving time and expense to the

parties, we cancel oral argument previously set for April 25, 2006. Fed. R. App. P. 34(a)(2); 6th Cir. R. 34(j)(1).

Abdul Khan filed an application for asylum in the United States on February 18, 2002. Kaniz Khan, his wife, and Humayara Khan, his daughter, were included in the application as derivative beneficiaries. Abdul Khan claims he has been singled out for persecution by a political party in Bangladesh that opposes the party to which Khan belongs. He testified that he was injured in 1990 during clashes between the two political parties and that the opposition party "completely destroyed" his house. He also testified that he was arrested and beaten by police in 1991 in an effort to persuade him to testify against his party's leaders. Khan has produced no documentary or other evidence to corroborate these claims.

After the opposition party came to power in 1991, Khan testified that he was "locked up" and, although not harmed himself, another member of his political party taken at the same time was killed. He claims he was arrested two months later and severely beaten. Khan testified that he heard, in September 1991, that there was a warrant for his arrest; however, he has produced no documentary evidence of the existence of a warrant. He arrived in the United States in 1998 on a non-immigrant visa for which he had applied in August 1991.

The Immigration Judge and the Board of Immigration Appeals determined that petitioners failed to carry their burden of proof and we agree. Our review is based on a substantial evidence test combined with an arbitrary and capricious standard. In his opinion, the Immigration Judge noted that the testimony lacked corroboration. He also found the testimony of the lead petitioner, Abdul Khan, not credible. The judge identified numerous discrepancies and inconsistencies in the

evidence presented, which contributed to his finding that the petitioners were not credible. He also noted that much of the detailed testimony given at the asylum hearing had not been given to the asylum officer or put in the asylum application as required. However, it appears that Khan had included much of what was in his hearing testimony in his asylum application, a fact that was overlooked by the Immigration Judge or for some other reason not acknowledged by him.

Even if Abdul Khan's testimony had been credible, the Immigration Judge concluded that the events and conditions petitioners described did not entitle him to asylum. The incidents described by Abdul Khan took place in 1990 and 1991, over a decade before the asylum application was filed in 2002. Khan failed to establish that members of the opposition political party continue to search for him due to his political affiliation. Moreover, the 2002 Report on Human Rights Practices for Bangladesh prepared by the United States Department of State provides that in the 2001 election, a four-party alliance government was formed, which includes Khan's political party.

We agree with the Board that the Immigration Judge did not act arbitrarily in discounting Khan's testimony about his house and the extensive nature of the torture he received. There was no corroborating evidence and the house destruction was not mentioned in the asylum application. We also agree with the Board that Khan's political problems in 1990-91 do not mean he would be persecuted now that his political associates have joined in a coalition government. In sum, Khan has failed to show that the decision of the Board of Immigration Appeals lacks a substantial basis in the record.

We therefore affirm the decision of the Board of Immigration Appeals.